FINLAY WAYMOUTH & LEE, INC., Plaintiff and Appellee, *v.* JOSÉ N. QUIÑONES, Defendant and Appellant.

No. 4067. Argued December 20, 1926.—Decided February 25, 1927.

*José N. Quiñones* for the appellant. *Carlos J. Torres* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Finlay Waymouth & Lee, Inc., brought an action of debt in the District Court of San Juan against José N. Quiñones. The case having been set for trial, the plaintiff defaulted and the court on motion of the defendant rendered judgment dismissing the complaint.

Plaintiff then moved to set aside the judgment because its default was due to impossibility on the part of their attorney to appear in time, and gave reasons therefor. The court heard both parties and finally entered an order setting aside the judgment.

Defendant appealed from that order to this court and after the record of the appeal had been filed the plaintiff moved to dismiss the appeal because the order appealed from was not a final judgment.

Both parties were heard on the motion and the case was submitted to our consideration and decision without briefs or memoranda of authorities.

It is evident that the order appealed from is not a final judgment, but that fact is not of itself a ground for dismissal of the appeal.

Subdivision 3 of section 295 of the Code of Civil Procedure allows appeals from many resolutions which are not final judgments, among them "any special order made after final judgment."

In this case the judgment rendered on default was final and disposed of the suit. Was the order setting it aside a special order made after final judgment?

This is not a matter of an order refusing to set aside a directly appealable judgment or order, in which case we have held that no appeal lies, because the appeal should be taken from the appealable judgment or order (*Am. R. R. Co. v. Quiñones,* 17 P.R.R. 247), with the exceptions mentioned in the case of *Hernaiz, Targa & Co. v. Vivas,* 20 P.R.R. 99.

On the contrary, the order appealed from set aside the judgment rendered in the action, thus depriving the appellant of a right which he had acquired. If the Supreme Court should decide that the district court had acted erroneously or had abused its discretion in setting aside its former judgment, that in itself would be sufficient to reinstate the former judgment and to end the action in its first instance.

The above considerations clearly place the order appealed from in the category of a special order rendered after final judgment, as had been established by this court for many years. In the case of *Hernaiz, Targa & Co., supra.,* this court said:

"In the case of *Ayoroa* v. *The Estate of Méndez et al.,* 10 P.R.R. 274, this court, following the doctrine laid down in the case of *Avalo Sánchez* v. *Estate of Díaz,* 9 P.R.R. 306, held that according to subdivision 3 of section 295 of the Code of Civil Procedure a *special order* is understood to be one which impairs a right in deciding a question not at issue in the action nor decided by the final judgment, or which is in contravention of the provisions of the judgment." 20 P.R.R. 101.

The motion to dismiss the appeal must be overruled.